**GREENBERG, DAUBER, EPSTEIN & TUCKER**
A Professional Corporation
One Gateway Center, Suite 600
Newark, New Jersey 07102
Tel: (973) 643-3700
*Attorneys for Defendants GVK Limited Partners,*
*Kolber Properties LLC and George Kolber*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 09-17260 (SMB) |
| SPA CHAKRA, INC., *et al.*, | Adv. Pro. No. 11-02151 (SMB) |
| Debtors. | Chapter 11 |
| SPA CHAKRA FIFTH AVENUE, LLC, | |
| Plaintiff, | |
| v. | |
| CORNELIA FIFTH AVENUE LLC, CORNELIA ESSENTIALS, LLC, CORNELIA INTERNATIONAL LLC, SAMSON SPAS, LLC, GVK LIMITED PARTNERS, KOLBER PROPERTIES, LLC, GEORGE KOLBER, TERBELL PARTNERS, LTD., HARRIETTE A. TERBELL, JOHN DOES 1-10, AND MARY ROES 1-10, *et al.*, | |
| Defendants. | |

### SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION BY GVK LIMITED PARTNERS, KOLBER PROPERTIES, LLC, AND GEORGE KOLBER FOR SANCTIONS

On the Brief:
Russell S. Burnside, Esq.
Kathryn B. Allibone, Esq.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................. i

PRELIMINARY STATEMENT ............................................... 1

ARGUMENT .............................................................. 1

    I.     It is Proper for this Court to Award Sanctions Against Neiger
          Pursuant to 28 U.S.C. §1927 and the Court's Inherent Authority ............. 1

         A.     Whether a Party Complies with the "Safe Harbor"
              Provision of *Rule* 9011 Has No Impact on the Award of
              Sanctions Pursuant to 27 U.S.C. §1927 or the Court's
              Inherent Authority ..................................... 2

         B.     Whether a Party Meets the "Timeliness" Requirement of
              *Rule 9011* has no Impact on the Award of Sanctions
              Pursuant to 27 U.S.C. §1927 or the Court's Inherent
              Authority ............................................. 4

         C.     The United States Bankruptcy Court is a "Court of the
              United States" that is Authorized to Award Sanctions
              Under 27 U.S.C. §1927 ................................. 7

CONCLUSION ........................................................... 9

# TABLE OF AUTHORITIES

**Cases**  **Pages**

*Bellistri v. United States*
    1998 U.S. Dist. LEXIS 9251 (S.D.N.Y. Jun. 25, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Chambers v. NASCO*
    501 U.S. 32 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*In re Cohoes Indus. Terminal*
    931 F.2d 222 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*In re Emanuel*
    2010 Bankr. LEXIS 590 (S.D.N.Y. Bankr. Mar. 12, 2010) . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re French Bourekas*
    183 B.R. 695 (S.D.N.Y. Bankr. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Galgano*
    358 B.R. 90 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

*In re Green*
    422 B.R. 469 (S.D.N.Y. Bankr. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

*In re Pennie & Edmonds LLP*
    323 F.3d 86 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Plumeri*
    434 B.R. 315 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Schaefer Salt Recovery, Inc.*
    542 F.3d 90 (3d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Truong*
    2008 Bankr. LEXIS 1267 (S.D.N.Y. Bankr. Apr. 14, 2008) . . . . . . . . . . . . . . . . . . . . . 6, 7

*Schlaifer Nance & Co. v. Estate of Warhol*
    194 F.3d 323 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5, 7

**Rules**

28 U.S.C. §1927 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## PRELIMINARY STATEMENT

Pursuant to this Court's January 17, 2013 Order, GVK Limited Partners, Kolber Properties, LLC, and George Kolber (collectively, "Kolber") submit this supplemental memorandum of law in further support of their motion for sanctions against Neiger, LLC ("Neiger") pursuant to *Federal Bankruptcy Rule* 9011 ("*Rule* 9011"), 28 U.S.C. § 1927 ("Section 1927"), and this Court's inherent authority. In this case, sanctions granted pursuant to Section 1927 and this Court's inherent authority would be procedurally proper regardless of this Court's determination as to whether Kolber's motion for sanctions pursuant to *Rule* 9011 fulfilled the "safe harbor" requirement or was timely. In addition, this Court has the authority to grant sanctions pursuant to Section 1927 because the Second Circuit has ruled that the Bankruptcy Court is a "court of the United States" that has authority to impose sanctions pursuant to 28 U.S.C. §1927.

## ARGUMENT

### I. It is Proper for this Court to Award Sanctions Against Neiger Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority.

This Court has the power to impose sanctions against Neiger pursuant to 28 U.S.C. § 1927 and its inherent authority. Pursuant to Section 1927, this Court may award sanctions against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. In addition, this Court may use its inherent authority to impose sanctions for improper conduct. *See In re Green*, 422 B.R. 469, 473 (S.D.N.Y. Bankr. 2010). Both types of sanctions may be imposed where "the challenged claim was without a colorable basis and the claim was brought in bad faith." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). Such sanctions are not governed by the procedural rules set forth

in *Rule* 9011 and are procedurally proper regardless of the court's determination as to whether Kolber has met the procedural requirements for sanctions pursuant to *Rule* 9011.

## A. Whether a Party Complies with the "Safe Harbor" Provision of *Rule* 9011 Has No Impact on the Award of Sanctions Pursuant to 27 U.S.C. § 1927 or the Court's Inherent Authority

Sanctions awarded pursuant to Section 1927 and the Court's inherent authority are not governed by the "safe harbor" provision of *Rule* 9011 and therefore whether a moving party complies with the "safe harbor" provision of *Rule* 9011 has no impact on the Court's authority to award sanctions pursuant to Section 1927 and its inherent authority. *See e.g. Bellistri v. United States*, 1998 U.S. Dist. LEXIS 9251 at * (S.D.N.Y. Jun. 25, 1998) (denial of Rule 11 sanctions for failure to comply with the safe harbor provision does not preclude the imposition of § 1927 sanctions).

In *In re Galgano*, the Bankruptcy Court for the Southern District of New York denied a movant's application for sanctions pursuant to *Rule* 9011 because such did not comport with the "safe harbor" provision of *Rule* 9011. 358 B.R. 90, 102-104 (S.D.N.Y. 2007). Nonetheless, the Court held that the movant's application for sanctions pursuant to Section 1927 and the Court's inherent authority could proceed and went on to consider the application for sanctions pursuant to Section 1927 and the Court's inherent authority on the substantive merits of the claim. *Id.* at 102-104. In doing so, the Court specifically stated that "section 1927 of the United States Code has no safe harbor provision," *Id.* at 103, and "[t]he only meaningful distinction between a sanction award pursuant to Section 1927 and one pursuant to a court's inherent powers is that awards under § 1927 are made only against attorneys ... while an award made under the court's inherent powers may be made against an attorney, a party, or both." *Id.* at 104.

Similarly, in *Schlaifer Nance & Co. v. Estate of Warhol*, the Second Circuit affirmed the District Court's ruling that a motion for sanctions that did not comport with the *Federal Rule of Civil Procedure* 11 ("*Rule* 11") safe harbor provision nonetheless complied with the procedural requirements for sanctions pursuant to Section 1927 and the Court's inherent authority. 194 F.3d 323, 335 (2d Cir. 1999). In that case, the District Court denied a motion for sanctions brought pursuant to *Rule* 11 because the safe harbor provision had not been fulfilled and that motion had been brought more than seven years after the initial Complaint had been filed. *Schlaifer Nance & Co v. Estate of Warhol*, 7 F.Supp.2d 364, 372-373 (S.D.N.Y. 1998). Nonetheless, the District Court granted the motion for sanctions pursuant to Section 1927 and the Court's inherent authority. *Id.* at 378. Both the Second Circuit and District Court stressed that, to fulfill the procedural requirements for sanctions awarded pursuant to Section 1927 and the court's inherent power, the sanctioned party need only receive "notice and an opportunity to be heard." *Id.* at 372; *Schlaifer Nance*, 194 F.3d at 333.

Here, the Court's determination as to whether Kolber fulfilled the "safe harbor" provision of *Rule* 9011 will have no impact on the Court's determination as to whether Kolber is entitled to sanctions under Section 1927 or its inherent authority. There is no safe harbor requirement for sanctions imposed pursuant to Section 1927 or the Court's inherent authority and, as the Second Circuit and Southern District of New York set forth in *Schlaifer Nance*, the Court may award sanctions pursuant to Section 1927 or its inherent authority so long as the sanctioned party has (1) notice and (2) an opportunity to be heard.

Even if the Court determines that the *Rule* 9011 safe harbor requirement has not been met, it has not been disputed that Neiger has had the requisite notice and opportunity to be heard required for this Court to impose sanctions pursuant to Section 1927 and the Court's inherent

authority. Neiger has had notice of Kolber's intent to seek sanctions pursuant to Section 1927 and the court's inherent authority for several months. *See e.g. Schlaifer Nance*, 194 F.3d at 333 (movant's motion seeking sanctions was sufficient to fulfill the notice requirement, even where the initial brief focused mostly on Rule 11 sanctions and only mentioned Section 1927 and the court's inherent authority to sanction).[1] In addition, Neiger has already had an opportunity to be heard through its submission of multiple briefs in support of its position and will have an opportunity at attend oral argument to further argue its position. *Id.* at 335 (opportunity to be heard properly given even where party not allowed to make oral argument so long as party accused of sanctionable conduct was allowed to submit written briefs). Accordingly, the Court's determination as to whether Kolber satisfied the "safe harbor" requirement of *Rule* 9011 will have no impact on Kolber's claim for sanctions pursuant to Section 1927 and the Court's inherent authority.

### B. Whether a Party Meets the "Timeliness" Requirement of *Rule 9011* has no Impact on the Award of Sanctions Pursuant to 27 U.S.C. § 1927 or the Court's Inherent Authority

Similarly, a motion for sanctions that is deemed untimely in the context of *Rule* 9011 will not preclude an award of sanctions pursuant to Section 1927 and the Court's inherent authority.

There is no specific time requirement in *Rule* 9011, but Neiger has argued that there is nonetheless a "practical time limit" derived from the "safe harbor" provision of *Rule* 9011 that generally precludes the award of *Rule* 9011 sanctions where the motion for such is filed after the offensive pleading has already been dismissed. *See e.g. In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2002). As fully discussed in Kolber's Reply Brief, Neiger's characterization of the "timeliness" requirement of *Rule* 9011 is an overgeneralization of the law and is really just an

---

[1] Neiger has actually been on notice of the intent to seek sanctions since receiving the July 20, 2011 letter brief. See Moving Brief, Ex. J.

extension of its "safe harbor" argument. *See* Reply Brief at 6-8. Nonetheless, it is established that notwithstanding the "timeliness" requirements of *Rule* 9011, the Southern District of New York may consider an application for sanctions pursuant to Section 1927 or the Court's inherent powers filed well after the offensive pleading has been dismissed.

For example, the United States Supreme Court upheld a District Court's award of sanctions pursuant to its inherent authority despite the fact that the motion for sanctions was filed after the offensive pleading was dismissed on the merits. *Chambers v. NASCO,* 501 U.S. 32, 55 (1990). In that case, the Court specifically rejected the sanctioned party's argument that inherent sanctions were not warranted because *Rule* 11 sanctions "must be timely in order to have the desired deterrent effect." *Id.* The Supreme Court explained that "[t]he District Court's reliance on the inherent power did not represent an end run around the notice requirements of *Rule* 11." Chambers had received multiple informal notices of his sanctionable conduct and "[t]he fact that Chambers obstinately refused to be deterred does not render the District Court's action [of imposing post-judgment inherent sanctions] an abuse of discretion." *Id.*

In addition, the Southern District of New York ruled that a post-judgment motion for sanctions pursuant to Section 1927 and the Court's inherent authority was timely even though a motion for sanctions pursuant to *Rule* 11 was not. *Schlaifer Nance,* 194 F.3d at 371-374. In that case, the Southern District of New York decided a motion for sanctions pursuant to Section 1927 and the Court's inherent authority on the substantive merits of the motion despite the fact that the moving party did not file the motion until well after the frivolous Complaint had been dismissed on the merits. *Id.* at 371. The frivolous Complaint was filed more than seven years before the motion for sanctions was filed. *Id.* at 373. During that time, the Complaint was dismissed on the merits by the District Court. *Id.* The dismissal was then appealed and affirmed in July of 1997.

*Id.* Approximately five months after that, in December 1997, the moving party filed its motion for sanctions pursuant to *Rule* 11, Section 1927 and the Court's inherent authority. *Id.* Because of the seven year delay between the filing of the Complaint and the filing of the sanctions motion and the moving party's unquestionable violation of the Safe Harbor requirement, the Court denied sanctions *only* pursuant to *Rule* 11 without engaging in a substantive analysis. *Id.* Notwithstanding its decision regarding *Rule* 11, the Court nonetheless proceeded to consider the motion for sanctions pursuant to Section 1927 and its inherent powers on the substantive merits. *Id.* at 373-374.

Similarly, in *In re Truong*, the Bankruptcy Court for the Southern District of New York considered a movant's motion for sanctions pursuant to Section 1927 and the Court's inherent authority on the merits despite the fact that the motion was filed after the offensive filing had been dismissed. 2008 Bankr. LEXIS 1267 (S.D.N.Y. Bankr. Apr. 14, 2008). In that case, after the Court executed its dismissal orders for offensive pleadings filed in the context of a bankruptcy, the trustee filed a motion for sanctions pursuant to Section 1927. *Id.* While the Court denied sanctions pursuant to Section 1927 because the person against whom sanctions were being sought was a disbarred attorney, the Court went on to examine the substantive merits of granting sanctions pursuant to its inherent authority. *Id.* at *14. The Court ruled that "there can be no doubt as to the authority to sanction Truong under the Court's inherent power." *Id.* at *15-16.

The case law demonstrates that Kolber's motion for sanctions pursuant Section 1927 and the Court's inherent authority was timely filed regardless of the Court's determination as to the timeliness of Kolber's *Rule* 9011 motion. Indeed, the United States Supreme Court specifically rejected a party's argument that a motion for sanctions pursuant to the Court's inherent authority

was untimely because it was brought after the offensive pleading was already dismissed. *See Chambers*, 501 U.S. at 55. The Southern District of New York followed this precedent in *Truong* and *Schlaifer Nance* when it, too, considered motions for sanctions pursuant to Section 1927 and the Court's inherent authority that were filed after the offensive pleading had already been dismissed. Moreover, as illustrated by *Schlaifer Nance*, a motion for sanctions pursuant to Section 1927 and the Court's inherent authority is not untimely even if such is not filed until <u>seven years</u> after the offensive Complaint was filed, <u>several years</u> after that Complaint was dismissed on the merits, and <u>five months</u> after the Court of Appeals affirmed that dismissal.

Here, just like in the above cases, Kolber's motion for sanctions pursuant to Section 1927 and the Court's inherent authority is not precluded just because it was filed after the frivolous Adversary Proceeding was dismissed. Moreover, in contrast to *Schlaifer Nance*, Kolber filed its motion for sanctions only three months after Neiger dismissed the frivolous Adversary Proceeding and less than a year and a half after Neiger initially filed the Adversary Proceeding. As such, the Court's determination as to the "timeliness" of Kolber's *Rule* 9011 motion will not impact the timeliness of Kolber's motion for sanctions pursuant to Section 1927 and the Court's inherent authority.

## C. The United States Bankruptcy Court is a "Court of the United States" that is Authorized to Award Sanctions under 27 U.S.C. § 1927

Finally, the Second Circuit has authorized this Court to award sanctions pursuant to 28 U.S.C. § 1927. It has long been established in the Second Circuit and Southern District of New York that the Bankruptcy Court is a "court of the United States" that is authorized to award sanctions pursuant to 27 U.S.C. § 1927. *In re Cohoes Indus. Terminal*, 931 F.2d 222, 229 (2d Cir. 1991) ("[a] bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927"); *In re Plumeri,* 434 B.R. 315, 327 (S.D.N.Y. 2010) ("[b]ankruptcy courts possess various sources of

sanctions authority, including ... 28 U.S.C. § 1927"); *In re Emanuel*, 2010 Bankr. LEXIS 590 at *4 fn2 (S.D.N.Y. Bankr. Mar. 12, 2010) ("bankruptcy courts may impose sanctions under 28 U.S.C. § 1927"); *In re Galgano*, 358 B.R. 90, 104 fn 12 (S.D.N.Y. Bankr. 2007) ("[t]he Second Circuit ruled that a bankruptcy court may impose sanctions under Section 1927").[2]

The Bankruptcy Court for the Southern District of New York has illustrated this concept by awarding sanctions pursuant to Section 1927. For instance, in 2010, the Bankruptcy Court for the Southern District of New York awarded sanctions against a bankrupt debtor's counsel pursuant to Section 1927 because the debtor's counsel failed to disclose material information in the course of discharging his duties as counsel to the bankrupt debtor. *In re Green*, 422 at 469-470. The Bankruptcy Court for the Southern District of New York also awarded sanctions against a debtor's counsel because, like here, he presented to the Bankruptcy Court and actively pursued a factually false and unsupportable claim against one of the debtor's creditors. *In re French Bourekas*, 183 B.R. 695, 697 (S.D.N.Y. Bankr. 1995).

Similarly here, this Court has the authority to impose sanctions against Neiger pursuant to Section 1927. Just like in *Green* and *French Bourekas*, Neiger committed its sanctionable conduct in the course of instituting and litigating its factually false and unsupportable Adversary Proceeding, which it presented to the Bankruptcy Court in carrying out its duties as Spa Chakra's special bankruptcy counsel. Accordingly, this Court has the authority, as set forth by the Second Circuit, to impose sanctions pursuant to 28 U.S.C. § 1927.

---

[2] The Second Circuit allows the Bankruptcy Court to award sanctions pursuant to Section 1927 notwithstanding contrary holdings from some other Circuits. While the Second Circuit has not fully discussed the basis for its holdings that the Bankruptcy Court is empowered to impose sanctions pursuant to Section 1927, the Third Circuit, in following the Second Circuit's *In re Cohoes* decision, reasoned that such a ruling makes sense because "although a bankruptcy court is not a 'court of the United States' within the meaning of [28 U.S.C.] § 450, it is a unit of the district court, which is a 'court of the United States,' and thus the bankruptcy court comes within the scope of § 451. Under 28 U.S.C. § 157 and the Standing Order of the United States District Court [for the relevant district], which delegates authority to the bankruptcy court in the [relevant district] to hear Title 11 cases as well as 'any and all proceedings' necessary to hear and decide those cases, the Bankruptcy Court had the authority to impose sanctions ... under § 1927." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008).

## CONCLUSION

For the foregoing reasons as well as those reasons set forth in Kolber' Moving Brief and Reply Brief, Kolber respectfully requests that this Court impose sanctions against Neiger pursuant to *Federal Rule of Civil Procedure* 11, *Federal Rule of Bankruptcy Procedure* 9011, 28 U.S.C. § 1927, and the Court's inherent authority.

Respectfully Submitted,

Dated: January 31, 2013

By: */s/Russell S. Burnside*
Russell S. Burnside, Esq.
Greenberg Dauber Epstein & Tucker, P.C.
One Gateway Center, Suite 600
Newark, New Jersey 07102