Edward E. Neiger
NEIGER LLP
151 West 46th Street, 4th Floor
New York, NY 10036
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
E-Mail: eneiger@askllp.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| SPA CHAKRA, INC., *et al.*, | : | |
| | : | Case No. 09-17260 (SMB) |
| | : | |
| Debtors. | : | |

------------------------------------------------------------------------ X

| | | |
|---|---|---|
| SPA CHAKRA FIFTH AVENUE, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 11-02151 (SMB) |
| | : | |
| CORNELIA FIFTH AVENUE LLC, CORNELIA | : | |
| ESSENTIALS, LLC, CORNELIA INTERNATIONAL, | : | |
| LLC, SAMSON SPAS, LLC, GVK LIMITED | : | |
| PARTNERS, KOLBER PROPERTIES, LLC, | : | |
| GEORGE KOLBER, TERBELL PARTNERS, LTD., | : | |
| HARRIETTE A. TERBELL, JOHN DOES 1-10, | : | |
| AND MARY ROES 1-10, *et al.*, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------------ X

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF
OBJECTION OF NEIGER LLP TO MOTION OF GVK LIMITED PARTNERS,
KOLBER PROPERTIES, LLC AND GEORGE KOLBER FOR SANCTIONS**

Neiger LLP ("Special Counsel"),[1] special counsel to Spa Chakra Fifth Avenue, LLC (the "Plaintiff" or the "Debtor"), one of the debtors and debtors-in-possession in the above-referenced procedurally consolidated Chapter 11 bankruptcy cases,[2] and plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding") prior to its dismissal, respectfully submits this supplemental memorandum of law in further support of its objection (the "Objection") to the motion (the "Motion") filed by GVK Limited Partners, Kolber Properties, LLC, and George Kolber (collectively, the "Defendants") for sanctions:

## ISSUES PRESENTED AND BRIEF ANSWERS

On January 17, 2013, the Court issued its Order Scheduling Oral Argument on Motion for Sanctions (the "Scheduling Order"). Pursuant to the Scheduling Order, oral argument was scheduled with respect to the Motion for February 26, 2013 at 10:00 a.m., not to exceed five (5) minutes per side, limited to the following issues:

1. If the Court determines that the Kolber Defendants failed to comply with the "safe harbor" provisions of Rule 9011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), what effect, if any, will that determination have on the motion for sanctions under the Court's inherent authority and 28 U.S.C. § 1927?

   **BRIEF ANSWER:** Assuming that the Court determines that the Defendants failed to comply with the "safe harbor" provisions of Bankruptcy Rule 9011, that

---

[1] On September 1, 2012, Neiger LLP was acquired by ASK Financial LLP, which was renamed ASK LLP. Neiger LLP is still operational for purposes of winding down existing matters, including this matter.

[2] The following entities comprise the procedurally consolidated debtors: Spa Chakra, Inc., a Delaware corporation, Case No. 09-17260 (SMB); Spa Chakra, LLC, a Delaware limited liability company, Case No. 09-17261 (SMB); Spa Chakra Indiana LLC, an Indiana limited liability company, Case No. 09-17228 (SMB); Spa Chakra Fifth Avenue, LLC, a Delaware limited liability company, Case No. 09-17040 (SMB); and Spa Chakra Fifth Avenue Indiana, LLC, an Indiana limited liability company, Case No. 09-17262 (SMB). Spa Chakra, Inc. is the parent entity and 100% owner of the Plaintiff, Spa Chakra, LLC, Spa Chakra Fifth Avenue, LLC, and Spa Chakra Fifth Avenue Indiana, LLC.

determination would not preclude the Court's ability to analyze the facts herein under the inherent authority doctrine and 28 U.S.C. § 1927; nevertheless, the Motion must also be denied under the standards for liability under (i) 28 U.S.C. § 1927, and (ii) the inherent authority doctrine, as the standards under both of the foregoing are more stringent and difficult to satisfy than the standards under Bankruptcy Rule 9011, in that, among other things, the inherent authority doctrine and 28 U.S.C. § 1927 both require a finding of bad faith, which is not present in this case; furthermore, no evidence is before the Court to support a finding of bad faith or that the claims were not colorable.

2. If the Court determines that the motion for sanctions Kolber Defendants is untimely under Federal Bankruptcy Rule 9011, what effect, if any, will that determination have on the motion for sanctions under the Court's inherent authority and 28 U.S.C. § 1927?

**BRIEF ANSWER:** Assuming that the Court determines the Motion was filed untimely, that determination would not preclude the Court's ability to analyze the facts herein under the inherent authority doctrine and 28 U.S.C. § 1927; nevertheless, the Motion must also be denied under the standards for liability under (i) 28 U.S.C. § 1927, and (ii) the inherent authority doctrine, as the standards under both of the foregoing are more stringent and difficult to satisfy than the standards under Bankruptcy Rule 9011, in that, among other things, the inherent authority doctrine and 28 U.S.C. § 1927 both require a finding of bad faith, which is not present in this case; furthermore, no evidence is before the Court to support a finding of bad faith or that the claims were not colorable.

3. Is the Bankruptcy Court a "court of the United States" authorized to award sanctions under 28 U.S.C. § 1927?

**BRIEF ANSWER:** A bankruptcy court has jurisdiction to impose sanctions against attorneys under 28 U.S.C. § 1927. *See In re Ruby G. Emanuel*, Case No. 97-44969 (SMB) (Memorandum Decision Regarding Order Awarding Sanctions, p. 2 (citing *In re Cohoes Industrial Terminal, Inc.*, 931 F.2d 222, 230 (2d Cir. 1991)); *In re Mac Truong*, Case No. 07-12194 (JMP) (Memorandum Decision Denying Trustee's Motion for Sanctions Under 28 U.S.C. § 1927, p. 10 (citing *Cohoes*, 931 F. 2d at 230 (other citations omitted)).[3]

## LEGAL ARGUMENT

### I. Assuming That The Court Determines That The Defendants Failed To Comply With The "Safe Harbor" Provisions Of Bankruptcy Rule 9011, The Award Of Sanctions Is Also Unwarranted Under 28 U.S.C. § 1927

Title 28 of the United States Code, section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Thus, section 1927 authorizes sanctions "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose," and upon "a finding of conduct constituting or akin to bad faith." *60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities, Inc.)*, 218 F.3d 109, 115 (2d Cir. 2000) (internal quotation marks omitted). In that regard, "[b]ad faith is the touchstone of an award under this statute … [a]n award under § 1927 is proper when the attorney's actions are so

---

[3] Given that Special Counsel concedes that the bankruptcy court has jurisdiction to impose sanctions under 28 U.S.C. § 1927 under appropriate circumstances (which circumstances do not exist in the instant matter for the reasons discussed herein and otherwise), no further analysis of this issue is contained in this memorandum of law.

3

completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *U.S. v. Int'l. Broth. Of Teamsters, et al.*, 948 F.2d 1338, 1345 (2d Cir. 1991) (citation and internal quotation omitted); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009).

Although at first blush section 1927 may appear to mirror Federal Rule of Civil Procedure 11 (and in turn Bankruptcy Rule 9011), the statute and rule serve two slightly distinctive but important purposes. As discussed at length in Special Counsel's first memorandum of law submitted in opposition to the Motion, "[t]he purpose of Rule 11 is to deter litigation abuse that is the result of a particular 'pleading, written motion, or other paper' and, thus, streamline litigation." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 97 (3d Cir. 2008) (internal citation omitted). In contrast, "the principal purpose of sanctions under § 1927 is 'the deterrence of intentional and unnecessary delay in the proceedings,'" and focuses on whether the proceeding overall has been subject to multiplication and unnecessary delay. *Id.* at 101-02 (quoting *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.,* 103 F.3d 294, 297 (3d Cir.1996)).

In *Hudson Motors P'ship v. Crest Leasing Enterprises*, 845 F. Supp. 969, 978 (E.D.N.Y. 1994), the court examined the types of acts that, under the "bad faith test" would justify an award of sanctions under 28 U.S.C. § 1927. Specifically, the *Hudson Motors* court stated:

> Conduct which allows for the imposition of sanctions under Section 1927 pursuant to the discretion of the court include the following: resubmitting a motion that had previously been denied, *Siderpali, S.P.A. v. Judal Industries, Inc.*, 833 F. Supp. 1023, 1029 (S.D.N.Y. 1993); bringing a motion based on "facts" the opposite of which were previously found by the court, *id.* at 1036; making several insupportable bias recusal motions and repeated motions to reargue, *Sassower v. Field*, 138 F.R.D. 369, 375-76 (S.D.N.Y. 1991), *aff'd in part and vacated on other grounds*, 973 F.2d 75 (2d Cir. 1992), *cert. denied*, 507 U.S. 1043, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993); "'continually engag[ing] in obfuscation of the issues, hyperbolism and groundless presumptions' in addition to insinuating that the court

was biased,'" *Cruz v. Savage*, 896 F.2d 626, 634 (1st Cir. 1990); and waiting until the eve of trial before making a jury demand, *Kotsilieris v. Chalmers*, 966 F.2d 1181 (7th Cir. 1992).

*Id.* at 978-79.

Evaluating the facts of this matter under the foregoing standards of 28 U.S.C. § 1927 leads to the inexorable conclusion that the Motion must be denied on these grounds as well as under Bankruptcy Rule 9011, as there was no bad faith on the part of Special Counsel and the claims were colorable. To wit, in this case: (i) there was no delay intentionally caused by Plaintiff and/or Special Counsel – in fact, the Adversary Proceeding was dismissed a mere ten (10) months after the Answer was filed – a speedy case track under any metric, (ii) there have been no allegations or harassment on the part of Special Counsel, (iii) the assertions made against the Defendants in the Complaint were colorable at the time of filing and were based on Special Counsel's thorough pre-filing investigation (as discussed below as well as in Special Counsel's prior memorandum of law), and (iv) there was no multiplication of litigation against the Defendants by the Plaintiff[4] in that there were no other actions filed seeking similar relief against the Defendants based on similar causes of action.[5] Moreover, none of the *Hudson Motors* bad faith factors listed above are present in this case.

Specifically, after several months of thorough, pre-filing investigation, on or about May 22, 2011, Special Counsel filed the Complaint on behalf of the Plaintiff, commencing the Adversary Proceeding. Defendants did not interpose a Bankruptcy Rule 9011 motion at that time and/or file a motion to dismiss the Complaint for failure to state a claim. Instead of filing

---

[4] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Memorandum of Law in Support of Objection of Neiger LLP to Motion of GVK Limited Partners, Kolber Properties LLC and George Kolber, filed on November 30, 2013.

[5] As mentioned in Special Counsel's prior memorandum of law, approximately six (6) months after the Complaint commencing the Adversary Proceeding was filed, on or about November 29, 2011, Plaintiff filed a second complaint and adversary proceeding, alleging certain avoidance claims against Defendants unrelated to the claims made against the Defendants in the Adversary Proceeding.

5

either of those motion(s) - either of which would have definitively demonstrated Defendant's alleged belief at that time that the claims were frivolous - Defendants opted to file the Answer on or about September 30, 2012 and to consensually litigate the matter. In that regard, Mr. Burnside transmitted a letter to the Bankruptcy Court on February 14, 2012 stating, in sum, that that Plaintiff and Defendants had agreed upon a series of dates related to pre-trial discovery, and included a proposed Joint Scheduling Order for the Bankruptcy Court's review. Specifically, the attachment to the February 14 Letter listed out various consensual deadlines for paper discovery, depositions, and expert discovery, and stated that factual and expert discovery was to conclude on May 31, 2012.

A series of depositions ensued, wherein depositions of Mr. Kolber, Mr. Aidekman, Mr. Canizales, and Harriette Turbell among others, were conducted. Some were conducted by Special Counsel and some by counsel to Defendants. The Defendants willingly participated in, and did not file any motions objecting to, such discovery, nor did Mr. Burnside require subpoenas for the appearance of Defendants' witnesses at depositions. In fact, there was no motion practice whatsoever during the pendency of the Adversary Proceeding prior to its dismissal, nor any allegations of undue delay, harassment or the like.

To the contrary, the Adversary Proceeding proceeded smoothly and quickly. After the filing of the Answer and prior to case dismissal, the parties spent virtually the entire approximately ten (10) month period (which is an extremely reasonable and streamlined case track from a time perspective) consensually and willingly engaging in discovery, pursuant to two separate Joint Scheduling Orders issued by the Court setting forth the various discovery deadlines in connection therewith.

Defendants could have chosen not to incur such fees and expenses pending prosecution of a Bankruptcy Rule 9011 motion or, at a minimum, a motion to dismiss the Complaint for failure to state a claim. Instead, they chose to litigate, at their sole cost. It would therefore be inappropriate to conclude that Special Counsel was acting in bad faith in filing the Complaint and subsequently engaging in consensual discovery with the Defendants following the filing of the Answer. Moreover, in that regard, there is no evidence before the Court to support such a finding of bad faith or that the claims asserted were not colorable.

Given the above, assuming that the Court determines that the Defendants failed to comply with the "safe harbor" provisions of Bankruptcy Rule 9011, the award of sanctions under 28 U.S.C. § 1927 is also unwarranted.

## II. Assuming That The Court Determines The Motion Was Filed Untimely, The Award Of Sanctions Is Also Unwarranted Under The Inherent Power Doctrine

Courts possess the inherent authority to sanction parties and their attorneys for conduct undertaken in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-44 (1991). That authority follows from the need of courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43; *see also Zlotnick v. Hubbard*, 572 F. Supp. 2d 258, 272 (N.D.N.Y. 2008). The Supreme Court has cautioned, however, a court's inherent power should be used with discretion and restraint: "[a] court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *See Chambers*, 501 U. S. at 50; *see also DLC Mgmt. Corp.*, 163 F.3d at 136; *U.S. v. Int'l. Broth. Of Teamsters*, 948 F.2d at 1345 ("[b]ecause of the potency of the court's inherent power, courts must take pains to exercise restraint and discretion when wielding it. Accordingly, this court has required a finding of bad faith for the imposition of sanctions under the inherent power doctrine."); *LaGrande v. Adecco*,

233 F.R.D. 253, 257-38 (N.D.N.Y 2005) (holding that when a court considers imposing sanctions, it should do so with restraint and only when a party acts in bad faith, vexatiously, wantonly or for oppressive reasons).

"In order to impose sanctions pursuant to its inherent power, a court must find that: (i) the challenged claim was without a colorable basis, and (ii) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). Both findings "must be supported by a high degree of specificity in the factual findings." *Wolters Kluwer Fin. Servs. v. Scivantage*, 564 F.3d 110, 113 (2d. Cir. 2009) (citation omitted). It should be noted that "there is no meaningful difference between the type of conduct that is sanctionable under the Court's inherent power and under 28 U.S.C. § 1927 because both require a similar finding of bad faith. *In re Mac Truong*, Case No. 07-12194 (JMP) (Memorandum Decision Denying Trustee's Motion for Sanctions Under 28 U.S.C. § 1927, p. 11 (*citing In re Spectee Group, Inc.* 185 B.R. 146, 158 (Bankr. S.D.N.Y. 1995)).

The *Schlaifer* court further held that "a claim is colorable when it reasonably might be successful, while a claim lacks a colorable basis when it is utterly devoid of a legal or factual basis. *Id.* at 337. Moreover, as discussed in Special Counsel's prior memorandum of law, in the Second Circuit, it is universally held that the standard for a "colorable" claim is a low standard to satisfy. *See, e.g., In re Adelphia Communications Corp.*, 330 B.R. 365 (Bankr. S.D.N.Y. 2005) (noting that the Court need only be satisfied that there is "some factual support" for the claims). In determining whether a claim is colorable, courts are not required to conduct a mini-trial; instead courts may "weigh the probability of the success and financial recovery," as well as the anticipated costs of litigation, as part of a cost/benefit analysis" to determine whether the

prosecution of claims is likely to benefit the estate. *See Official Comm. Of Unsecured Creditors v. Hudson United Bank (In re Am.'s Hobby Ctr., Inc.)*, 223 B.R. 275, 288 (Bankr. S.D.N.Y. 1998).

Viewed in the context of the inherent power doctrine, these requirements clearly demonstrate that the Debtor needed only establish the existence of plausible claims – which it easily did based on the pre-filing investigation and subsequently memorialized in the Complaint. The mere fact that the claims may not have had a 100 percent certainty of success at trial does not mean they were not in fact colorable and sufficient to satisfy the relatively low standards for colorable claims in the Second Circuit.

Furthermore, as discussed above and in other pleadings, in response to the Complaint and Plaintiff's refusal to dismiss the Adversary Proceeding at such an early stage, Defendants elected not to: (i) file a Bankruptcy Rule 9011 motion, or (ii) file a pre-answer motion to dismiss the Complaint for failure to state a claim pursuant to Bankruptcy Rule 9012(b)(6). Instead, Defendants chose to file the Answer, litigate the matter and engage in consensual discovery. If Defendants truly believed the claims did not satisfy the test for colorable claims under Second Circuit law, surely they would have at least moved to dismiss prior to answering. They did not, and must now bear their own costs of litigating a matter they chose to defend in and be an active and willing participant, rather than try to dismiss at the outset. There is nothing in the record to demonstrate the claims were not colorable and, indeed, the record supports a finding to the contrary.

Moreover, as outlined above, there was no delay, vexatious motion practice, harassment or any other improper purpose undertake by Special Counsel during the pendency of the

Adversary Proceeding that could even remotely rise to the level of bad faith. These factors weigh heavily against a finding of bad faith on the part of Special Counsel:

- The Adversary Proceeding, which included extensive discovery conducted willingly and voluntarily by both parties, was concluded only approximately ten (10) months after the Answer was filed. Simply put, the case moved at a rapid pace. There was no delay of any kind caused by Special Counsel;

- There was no vexatious litigation within the Adversary Proceeding. Indeed, there was no motion practice whatsoever. The parties were entirely cooperative during the pendency of the case;

- All discovery was conducted on an consensual basis, with both parties having input into the various discovery deadlines and related issues; moreover, both counsel to the Defendants and Special Counsel noticed and conducted depositions;

- No formal or informal allegations of harassment were made by Defendants at any point in the litigation;

- There was no multiplication of proceedings seeking similar relief and alleging similar claims by the Plaintiffs against the Defendants.

Furthermore, none of the examples of conduct that might support a finding of bad faith cited by the *Hudson Motors* court, as delineated above, apply to Special Counsel and/or were present in the instant matter. To wit, among other things:

- Special Counsel never resubmitted a motion that had previously been denied;

- Special Counsel never brought a motion based on "facts" the opposite of which were previously found by the court; in fact, no motions were filed at all in this brief and streamlined litigation; and

- Special Counsel never made any insupportable bias recusal motions and repeated motions to reargue.

*See Hudson Motors P'ship*, 845 F. Supp. at 978-79.

Consequently, there can be no finding that Special Counsel acted in bad faith in connection with the Adversary Proceeding. Moreover, as stated previously, there is no evidence before the Court to support such a finding of bad faith or that the claims asserted were not colorable.

Therefore, assuming that the Court determines the Motion was filed untimely, application of the inherent power doctrine to award sanctions to Defendants is also unwarranted under the facts and circumstances of this matter.

### III. Conclusion

For the reasons set forth herein, Special Counsel requests that the Motion be denied in its entirety.

Dated: January 31, 2013
      New York, New York         */s/ Edward E. Neiger*
                                          Edward E. Neiger, Esq.
                                          NEIGER LLP
                                          151 West 46th Street, 4th Floor
                                          New York, New York 10036
                                          Telephone.: (212) 267-7342
                                          Facsimile: (212) 918-3427