

GREENBERG DAUBER EPSTEIN & TUCKER | COUNSELLORS AT LAW

A PROFESSIONAL CORPORATION

RUSSELL S. BURNSIDE
ADMITTED IN NJ, NY, PA, DC

February 25, 2013

**VIA ECF**

Hon. Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York. New York 10004-2304

    Re:    ***Spa Chakra Fifth Avenue, LLC v. Cornelia Fifth Avenue LLC***
              Adv. Pro. No. 11-02151 (SMB)

**Defendants' Motion For Sanctions**

Dear Judge Bernstein:

        This law firm represents Defendants GVK, LP, Kolber Properties, LLC and George Kolber (collectively "Kolber") with regard to the above captioned Motion. Pursuant to the telephone conference with counsel on February 22, 2013, I write to clarify that Kolber is seeking sanctions imposed pursuant to *Federal Rule of Bankruptcy Procedure* 9011, *Federal Rule of Civil Procedure* 11, 28 U.S.C. § 1927 and the Court's inherent authority against (1) Jonathan Bodner, individually, (2) Edward Neiger, individually, and (3) Neiger, LLP.[1] I also confirm that, because counsel agree that this Court may award sanctions under both § 1927 and the Court's inherent authority, Your Honor has dispensed with oral argument on February 26, 2013.

### A. *Federal Rule of Bankruptcy Procedure* 9011 and *Federal Rule of Civil Procedure* 11

        The text of both *Federal Rule of Civil Procedure* 9011(c) and *Federal Rule of Civil Procedure* 11(c) provide "[i]f...the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction upon *attorneys, law firms*, or parties that have violated subdivision (b) *or are responsible* for the violation." (emphasis added). An attorney or law firm violates *Rule* 9011(b) "[b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other pleading" that does not comply with the various standards set forth in the *Rule*.

        The Southern District of New York has interpreted this provision to apply "against the law firm as well as the attorney within the firm that signed the pleading." *In re Intercorp Int'l Ltd.*, 309 B.R. 686, 694 (S.D.N.Y. Bankr. 2004) (imposing *Rule* 9011 sanctions against the two individual attorney who signed the frivolous pleading as well as the law firm that employed the

---

[1] Neiger LLP has merged into ASK Financial LLP. See Neiger Supplemental Memorandum of Law dated January 31, 2013 (ECF Doc #36) at footnote 1. ASK Financial LLP is also responsible for monetary sanctions as a successor in interest to Neiger LLP.

Suite 600, One Gateway Center, Newark, New Jersey 07102 | Tel: 973.643.3700 | Fax: 973.643.1218
Email: rburnside@greenbergdauber.com | Web: www.greenbergdauber.com

attorneys when the frivolous pleading was filed). The Second Circuit has also held that *Rule* 11 sanctions are appropriate where an attorney has not signed the initial offensive pleading, but has nonetheless "signed similar or supporting papers and the resultant abuse of judicial processes must be attributed to the offending papers as a whole." *Estate of Calloway ex rel. LMN Prods. v. Marvel Entertainment Group*, 9 F.3d 237, 239 (2d Cir. 1993).

Here, it is not disputed that Edward Neiger signed the frivolous Complaint filed in the Adversary Proceeding. See ECF # 1. By his own admission, he "was actively involved in this matter, both prior to and after commencement." See November 30, 2012 Certification of Edward Neiger at ¶ 2. In addition, Jonathan Bodner admits that he too "was actively involved in the above-captioned adversary proceeding …both prior to commencement and post-commencement." See November 30, 2012 Certification of Jonathan Bodner at ¶ 4. Indeed, Bodner's name appeared twice on the original Adversary Proceeding Complaint. Bodner also signed and filed various papers submitted to the Court in furtherance of such, including the Certificate of Service of the offensive Complaint upon Kolber as well as the Stipulation of Partial Dismissal that dismissed only the RICO counts while continuing the remaining claims against Kolber. See ECF # 3 and # 10. Both of these supporting papers were integral parts in Bodner, Neiger, and Neiger, LLP's abuse of the judicial process through their institution and litigation of the Adversary Proceeding. Finally, Edward Neiger was a partner and Jonathan Bodner was an associate of Neiger, LLP during the entire time that they brought and litigated the Adversary Proceeding and did so through Neiger, LLP. Neiger Cert. at ¶ 2; Bodner Cert. at ¶¶ 2 & 4.

Accordingly, this Court may award sanctions pursuant to *Rule* 9011 and *Rule* 11 against Jonathan Bodner and Edward Neiger, individually, as well as against Neiger, LLP.

### B. Sanctions Pursuant to 28 U.S.C. § 1927

The language of Section 1927 provides that "any attorney or other person admitted to conduct cases" may be liable for sanctions imposed pursuant to Section 1927. Section 1927 applies where an attorney or law firm brings frivolous or vexatious litigation and is *not* impacted by whether or not the attorney signed a paper that was presented to the court. *In re Eatman*, 182 B.R. 386, 396 (S.D.N.Y. Bankr. 1995). In that case, Your Honor awarded sanctions pursuant to Section 1927 against an attorney because he "participated in the preparation and drafting of bankruptcy papers." *Id.* Indeed, the Second Circuit has made it clear that "awards under § 1927 are made … against attorneys or person authorized to practice before the courts." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999).

The Second Circuit and the Southern District of New York have also made it clear that Section 1927 sanctions are appropriately awarded against law firms as well as their attorneys that filed and litigated frivolous actions. For example, the Second Circuit specifically rejected an attorney's argument that the Court could not award Section 1927 sanctions against "the firm as a whole for the actions of various lawyers" and upheld the award of Section 1927 sanctions against a law firm. *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 147 (2d Cir. 2012). Similarly, the Second Circuit upheld an award of sanctions against a law firm because one of its attorneys

abused the discovery process. *Apex Oil v. Belcher Co. of N.Y.*, 855 F.2d 1009, 1020 (2d Cir. 1988). In addition, the Southern District of New York has imposed sanctions against both an individual attorney and his law firm for violating Section 1927. *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 1989 U.S. Dist. LEXIS 14190 at *56 (S.D.N.Y. Nov. 30, 1989). In that case, the Court held that the individual attorney and law firm would be held jointly and severally liable for the full amount of the sanctions. *Id.*

Here, pursuant to the language of Section 1927 as applied by Your Honor, the Second Circuit and the Southern District of New York, this Court has authority to award sanctions against Jonathan Bodner and Edward Neiger, individually, as well as against Neiger, LLP pursuant to Section 1927.

### C. <u>Inherent Sanctions</u>

Similarly, this Court may award sanctions pursuant to its inherent authority against individual attorneys as well as law firms. Indeed, the Second Circuit has noted that "an award [of sanctions] made under the court's inherent power may be made against an attorney, a party, or both." *Schlaifer Nance & Co.*, 194 F.3d at 336. In addition, the Second Circuit has acknowledged that "[t]here is no serious dispute that a court may sanction a law firm pursuant to its inherent power." *Enmon*, 675 F.3d at 147. For example, in *Reichmann v. Neumann* the Southern District of New York held that a party, his attorney, and his attorney's firm would be jointly and severally liable for sanctions imposed pursuant to the Court's inherent authority. 553 F.Supp.2d. 307, 327-328 (S.D.N.Y. 2008). Accordingly, as set forth in the Section B, *supra*, the Court may award sanctions pursuant to its inherent authority against Jonathan Bodner and Edward Neiger, individually, as well as Neiger, LLP.

For the foregoing reasons as well as those set forth in their prior submissions, Kolber respectfully request that this Court impose sanctions pursuant to *Federal Rule of Bankruptcy Procedure* 9011, *Federal Rule of Civil Procedure* 11, 28 U.S.C. ¶ 1927, and the Court's inherent authority against (1) Jonathan Bodner individually, (2) Edward Neiger individually, and (3) Neiger, LLP.

Thank you for your time and courtesies with regard to this matter.

Respectfully Submitted,

*/s/Russell S. Burnside*

Russell Burnside

RSB/lac