

**GREENBERG DAUBER EPSTEIN & TUCKER** | COUNSELLORS AT LAW

A PROFESSIONAL CORPORATION

RUSSELL S. BURNSIDE
ADMITTED IN NJ, NY, PA, DC

March 14, 2013

Via Email

Hon. Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-2304

Re: *Spa Chakra Fifth Avenue, LLC v. Cornelia Fifth Avenue LLC*
Adv. Pro. No. 11-02151 (SMB)

Dear Judge Bernstein:

This firm represents defendants/movants GVK, LP, Kolber Properties, and George Kolber ("Kolber"). While I would prefer to avoid the type of letter war that Mr. Bodner's counsel is intent on waging, the growing distortions and inaccuracies in his latest missive dated today compel me to succinctly respond.

The series of letters unfortunately landing on Your Honor's desk are supposed to be limited to simply my request for leave to respond to the second declaration and brief submitted last week by Mr. Bodner. Therefore, I have avoided addressing the substantive and procedural issues raised in Mr. Bodner's declaration and brief until such time as Your Honor grants leave. Mr. Bodner's counsel misinterprets that respect for protocol as an admission, namely that I "do not dispute" that Mr. Bodner was not served, thereby triggering the thinly veiled notion that Mr. Bodner was therefore unaware that he was a target. I was not aware that Mr. Bodner had left Neiger LLP on September 14, 2012 according to his February 25, 2013 letter to Your Honor (or August 31st according to his November 30, 2012 Declaration). We filed the motion believing that he would be the one to respond as he was the face of the frivolous Adversary Proceeding. Indeed, his first Declaration filed in opposition to the motion on November 30, 2012 shows that he had a full opportunity to review the motion.[1] It would be disingenuous to suggest that he did not realize that his conduct was a centerpiece of the motion. Whether he knew he was a target or not elevates form over substance.

Notwithstanding the above, Mr. Bodner has now submitted to this Court two declarations, a brief and a February 25, 2013 letter, while his newly obtained counsel has

---

[1] Mr. Bodner's opportunity to review and respond to the motion is further evidenced by the fact that Your Honor adjourned the originally scheduled hearing date for this motion to accommodate Mr. Bodner's honeymoon.

Suite 600, One Gateway Center, Newark, New Jersey 07102 | Tel: 973.643.3700 | Fax: 973.643.1218
Email: rburnside@greenbergdauber.com | Web: www.greenbergdauber.com

submitted two letters this week. Whatever procedural due process issues counsel perceives to have existed are now moot. What is not moot is Kolber's request (and right) to respond to Mr. Bodner's attempt to downplay his involvement with the Adversarial Proceeding which is, charitably speaking, utterly misleading. That is why I have requested an opportunity to submit a concise response to the new contention that Mr. Bodner is essentially an innocent bystander in the matter that triggered the application pending before Your Honor. That Mr. Bodner's counsel goes to such great lengths to prevent Kolber from so responding is telling.

I reiterate my request to submit a concise response to Mr. Bodner's submissions of just last week. Thank you for Your Honor's consideration of this request.

Respectfully submitted,

Russell S. Burnside

RSB/lac
cc: Harry M. Gutfleish, Esq.
Edward E. Neiger, Esq.

---

*Handwritten order:*

The movants may submit a reply to the Bodner submission, limited to ten pages. The reply should, *inter alia*, address the contention that the movant failed to serve the ~~summons~~ sanctions motion on Bodner in accordance with FRBP 9014(b), and accordingly, the Court did not acquire personal jurisdiction over him.

So ordered: 3/18/13

SMB
USBJ